181 So. 906

**CHAPPELL et al. v. CITY OF BIRMINGHAM et al.**

6 Div. 292.

Supreme Court of Alabama.

June 2, 1938.

Rehearing Denied June 23, 1938.

364

W. J. Wynn, James H. Willis, and John S. Foster, all of Birmingham, for appellees.

Frank D. Hollifield, of Birmingham, for appellants.

BROWN, Justice.

The sole question presented by this appeal is whether or not The City Commission of the City of Birmingham exceeded its authority in prohibiting by ordinance the keeping, storing, use, manufacturing sale or handling of fire works within the three mile limit constituting the extended police jurisdiction of the city. Code, 1923, § 1954.

The appellant concedes that the ordinance is valid in so far as it applies to the territory within the corporate limits of the city, but contends that in applying the prohibitive provisions of the ordinance to the police jurisdiction outside the corporate limits, the commission exceeded its power.

The cited section of the Code, provides, inter alia, that: "Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town *and in the police jurisdiction thereof,* and on any property or rights of way belonging to the city or town." [Italics supplied].

Therefore, it would seem, that appellant's concession and the statute, which constitutes a part of the general system of law, governing municipalities, gives a negative answer to their contention.

To sustain this contention, appellant relies largely on the holding of this court in Board of Commissioners of City of Mobile et al. v. Orr, 181 Ala. 308, 61 So. 920, 45 L.R.A.,N.S., 575.

The ordinance involved in that case was held unreasonable, discriminatory and void for lack of a sound basis of classification, and because the ordinance there involved, to quote from the opinion (page 922), "worked unconscionable hardship to many who fall within its terms," in that in "wide, though thinly populated, areas of the outlying territory within three miles of the corporate limits, known as the police jurisdiction of the city of Mobile, over which its police and sanitary regulations, prescribing fines and penalties for violations thereof, have force and effect (Code, § 1230), and similar areas *within the city proper,* far removed from either the water mains or the sanitary sewers of the city, so that, practically speaking, persons keeping animals within these areas will be unable to comply with the requirements of the ordinance. The ordinance, however, without qualification or limitation, is applicable to the keepers of two or more animals within this territory." [Italics supplied].

It is clear from these utterances that no distinction was made as between the territory within the corporate limits and that without, but within the police jurisdiction.

In the instant case the prohibitive provisions apply to all alike, except to persons possessing or using signaling devices for current daily consumption by railroads, vessels and others requiring them for signaling purposes.

The basis of this classification is founded on reasonable distinctions having just relation to the objects to be accomplished by the ordinance. Board of Commissioners of City of Mobile et al. v. Orr, supra.

In the exertion and application of the police power there is to be observed the sound distinction as to useful and harmless trades, occupations and businesses and as to businesses, occupations and trades recognized as hurtful to public morals, public safety, productive of disorder or injurious to public good. In applying it to the class last mentioned it may be exerted to destroy. Western Union Telegraph Co. v. City of Decatur, 16 Ala.App. 679, 81 So. 199; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L.R.A. 209, 110 Am.St.Rep. 43; Tiedeman's Limitations of Police Power, 273, 277, 278.

It is a matter of common knowledge, of which the courts take notice, that the press at large, and especially health and medical journals, have for years agitated the prohibition of the sale and use of fireworks in pyrotechnical display in the celebrations of holidays, for sound reasons; also matters of common knowledge, that such indiscriminate use results in economic waste, encourages extravagance in the young, constitutes a menace to the life, limb and health to the users and their associates, increases the hazard and loss by fires, and constitutes a common public nuisance, which should be prohibited by law.

We entertain no doubt, therefore, that it was and is within the competence of the municipality, acting through its legislative body, to ordain, establish and enact the ordinance in question, under the police power, as a measure of public safety, public health and economy, and its enactment does not impinge the provisions of § 89 of the Constitution of 1901. Mitchell v. City of Birmingham, 222 Ala. 389, 133 So. 13.

The circuit court, therefore, did not err in sustaining the defendants' general demurrer for want of equity, and dismissing the bill.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.