## Ex Parte I. B. Clark.

No. 21176. Delivered May 29, 1940.

The opinion states the case.

G. *Ray Lee* and *Margaret A. Brand,* both of Dallas, for appellant.

H. *P. Kucera,* City Attorney, and *W. B. Pope,* Assistant City Attorney, both of Dallas, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Relator appeals from a judgment of the County Criminal Court of Dallas County, remanding him to the custody of the Chief of Police of the City of Dallas, Texas, under a complaint charging a violation of ordinance No. 3003 of said city, commonly called the Fireworks Sale Ordinance.

This ordinance, in effect, prohibits, among other things, the sale, or offering for sale, or possession for the purpose of sale, of any combustible fireworks of any kind in the City of Dallas, Texas. There are some exceptions contained therein, but in the main its purpose is claimed to be based on the city's police power in avoidance of fire hazards. Relator's attorneys agree that the city has the power to pass a reasonable ordinance regulating the use, sale and storage of combustible fireworks in the city, but contend that this ordinance is prohibitory of the business of the sale of fireworks, and therefore is unreasonable, arbitrary and discriminatory, and violates his constitutional rights, and is therefore void.

We are cited by relator to 30 Tex. Jur., p. 120, Sec. 58, and find ourselves in accord therewith in its entirety. We quote the same in part as follows:

"Generally speaking, municipal corporations have the right, under the police power, to safeguard the health, comfort, and general welfare of their citizens by such reasonable regulations as are necessary for that purpose.

"The police power is not an arbitrary one; it has its limitations. Thus it is subject to the limitations imposed by the Constitution upon every power of government, and will not be permitted to invade or impair the fundamental liberties of the citizen. Also it is founded in public necessity and only public necessity can justify its exercise. It is commensurate with, but does not exceed, the duty to provide for the real needs of the people in their health, safety, comfort and convenience as consistently as may be with private property rights. The interests of the public generally, as distinguished from those of a particular class, must require the interference.

"All property is held subject to the valid exercise of the police power; nor are regulations unconstitutional merely because they operate as a restraint upon private rights of person or property or will result in loss to individuals. The infliction of such loss is not a deprivation of property without due process of law; the exertion of the police power upon subjects lying within its scope, in a proper and lawful manner, is due process of law. Moreover, police regulations do not constitute a taking of property under the right of eminent domain; and compensation is not required to be made for such loss as is occasioned by the proper exercise of the police power. But the police power is subordinate to the right to acquire and own property, and to deal with it and use it as the owner chooses, so long as the use harms nobody. It may be invoked to abridge the right of the citizen to use his private property when such use will endanger public health, safety, comfort or welfare,—and only when this situation arises."

It is conceded that the regulation of the use of fireworks in a city the size of Dallas, where homes as well as business houses lie in close proximity to each other, is a legitimate exercise of the police power, but relator's quarrel with this ordinance is that same is not regulatory but prohibitory, and therefore infringes upon his rights and deprives him of them as guaranteed him of his property privileges and immunities otherwise than by the due course of the law of the land.

Relator contends that none of the articles that he is charged with selling are harmful, he being charged with the sale of 1 dozen Cabin on fire, 1 dozen 10 Ball candles, 2 dozen sky rockets, crackers, etc. The combustibility of such thus charged articles, and their designation as such fireworks, was not denied. Their danger as a firehazard not only to property, but also to persons, was also shown. The fire chief testified to a series of fires through the years as having been caused by the use of fireworks, and the amount of damage to property therefrom, and the health physician also testified to many injuries to persons from burns, etc., from such use.

Relator again contends that although it is granted that the firing of such prohibited articles might cause a fire hazard, nevertheless the city had no right to prohibit the possession for the purpose of sale. We are not impressed with such reasoning. It were the better policy to lock the door before the horse was taken rather than to wait to do the locking after

the horse was gone. It were better to guard against the fire by prohibiting the sale of the fire producing agency before the fire is set. To some extent we find this portion of the ordinance on an equality with the local option feature of the liquor statutes in which it can be made an offense not only to sell intoxicating liquors in a certain locality, but also an offense to possess such liquor for the purpose of sale.

A further complaint is made because of the fact that said ordinance provides that under certain circumstances and in certain public demonstrations the fire chief of said city may give permission for fireworks display under police and fire department supervision, but such a display shall be of such a character and so located that in the opinion of the fire department same shall not be hazardous to property nor dangerous to any person.

The city charter of Dallas provides: "That the City of Dallas may adopt any ordinance or regulation having for its purpose the prevention of fires or the removal of fire hazards * * * may define, prohibit, abate, suppress and prevent all things detrimental to the health, morals, comfort, safety, convenience and welfare of the inhabitants of the city * * *."

And further provides: "May pass such ordinances as may be expedient for maintaining and promoting the peace, good government and welfare of the City, for the performance of the functions thereof, for the order and security of its inhabitants and to protect the peace, lives, health and property of such inhabitants, and may provide suitable penalties for the violation of any ordinance enacted by the City of Dallas."

It occurs to us that under the powers above granted to the City of Dallas it can define, prohibit, abate or suppress the traffic in combustible fireworks, governed always by the rules of reason, and the exception, classification, or exclusion under certain well supervised exhibitions does not seem to us to vitiate this ordinance which seems vital to the welfare and safety of the persons and property of the people of this great city. The fact that the power of allowing such exhibitions lies in a permit to be granted by a certain officer of such city would surely not cause the whole ordinance to fall, if such delegation of power were illegal, although it might cause the exception to fall should we grant relator's contention that such delegation was unlawful, which we decline to do.

The complaint is vigorously urged that right to grant or refuse the right to have such exhibitions of fireworks in said

city being subject to the arbitrary will and caprice of the chief of the fire department, and no rules being laid down for the exercise of this permissive right, that such a grant of power renders this entire ordinance void. We think that an answer to such reasoning is that relator has naught to do with such a requested exhibition, nor could the granting, nor a refusal thereof, affect his business, which is that of a retail seller of combustible fireworks, while the exhibition is concerned only with the portion of the ordinance that prohibits the firing of such materials in the City of Dallas.

Again relator attacks such ordinance as discriminatory because it exempts from its provisions railroad flares and certain flash light materials, the former evidently useful in the operation of railroads, and the latter also useful in photographic work. That such reasonable classifications can be made we recently held in Ex parte Tigner, (page 452 of this volume), 132 S. W. (2d) 885, in a well considered opinion by Judge Christion, and the reasoning therein was upheld by the Supreme Court of the United States. We think this classification and exception is a reasonable one that exempts from said ordinance these useful and less dangerous articles, possibly not dangerous at all as fire hazards. Not only do we note from the testimony, but it is also a matter of common knowledge that the combustion of firewords, especially in the confines of a crowded city, is dangerous not only to property but also to persons, and results annually in a loss of property and sometimes in a loss of life. The State itself has seen fit to prohibit the use of certain fireworks. Art. 480, P. C. reads in part as follows: "Any person who * * * discharges any cannon cracker or torpedo on or across any public square, street or alley of any town or city, or within one hundred yards of any business house in this State, shall be fined," etc., a cannon cracker is any combustible package more than two inches long and more than one inch through."

In the case of Chappell v. City of Birmingham, 181 So. Rep. 906, the Supreme Court of Alabama upheld an ordinance similar in its effect to the one here in question as a valid exercise of the police power not only upon the basis of its reason for enactment, but also upon its exceptions, which to some extent are strikingly alike this ordinance 3003. We quote therefrom:

"In the instant case the prohibitive provisions apply to all alike, except to persons possessing or using signaling devices

for current daily consumption by railroads, vessels and others requiring them for signaling purposes.

"The basis of this classification is founded on reasonable distinctions having just relation to the objects to be accomplished by the ordinance. Board of Commissioners of City of Mobile et al. v. Orr, supra.

"In the exertion and application of the police power there is to be observed the sound distinction as to useful and harmless trades, occupations and businesses and as to businesses, occupations and trades recognized as hurtful to public morals, public safety, productive of disorder or injurious to public good. In applying it to the class last mentioned it may be exerted to destroy. Western Union Telegraph Co. v. City of Decatur, 16 Ala. App. 679, 81 So. 199; City Council of Montgomery v. Kelly, 142 Ala. 552, 38 So. 67, 70 L. R. A. 209, 110 Am. St. Rep. 43; Tiedeman's Limitations of Police Power, 273, 277, 278.

"It is a matter of common knowledge, of which the courts take notice, that the press at large, and especially health and medical journals, have for years agitated the prohibition of the sale and use of fireworks in pyrotechnical display in the celebrations of holidays, for sound reasons; also matters of common knowledge, that such indiscriminate use results in economic waste, encourages extravagance in the young, constitutes a menace to the life, limb and health to the users and their associates, increases the hazard and loss by fires, and constitutes a common public nuisance, which should be prohibited by law."

It is axiomatic that fire creates fire, and that although of great benefit to man, when uncontrolled is destructive of both life and property; that the use of certain fireworks in the environs of a crowded city can be and has been prohibited by a State statute is evident, and is recognized as a salutary provision in behalf of the safety of the public. Under its charter granted powers, the City of Dallas has seen fit to utilize the same powers as was used by the legislature and endeavor to remove the ability of one to thus use certain fireworks unlawfully by prohibiting their sale within its environs for the purpose of being used therein. We think this a proper exercise of its police power in thus attempting to safeguard the security, the peace, the lives, the health and the property of its inhabitants. We acknowledge the aid and assistance of

relator's attorneys as well as those of the City of Dallas in furnishing this court with comprehensive briefs herein.

Believing that ordinance No. 3003 is a valid and reasonable exercise of the police power vested in the City of Dallas, the judgment of the trial court is affirmed.