**C. V. STOUGHTON, Appellant,**

**v.**

**CITY OF FORT WORTH, Appellee.**

No. 15613.

Court of Civil Appeals of Texas.

Fort Worth.

March 25, 1955.

J. C. Duvall and Chas. O. Patterson, Fort Worth, for appellant.

R. E. Rouer, S. G. Johndroe, Jr., G. Gordon Whitman, John Gano, Robert R. Goodrich, and June R. Welch, Fort Worth, for appellee.

George C. Kemble, Fort Worth, amicus curiæ.

BOYD, Justice.

The trial court rendered judgment permanently enjoining appellant C. V. Stoughton from "storing, threatening to store or causing to be stored; keeping, threatening to keep or causing to be kept; possessing, threatening to possess or causing to be possessed; transporting, threatening to transport or causing to be transported; selling, threatening to sell or causing to be sold; offering for sale, threatening to offer for sale or causing to be offered for sale any fireworks of any description within the limits of an area described as being the corporate limits of the City of Fort Worth and the area immediately adjacent and contiguous to the city limits of the City of Fort Worth and extending for a distance outside the city limits for a total of 5,000 feet, * * *."

Appellee City of Fort Worth filed the suit, alleging that appellant had stored, transported, kept, used, possessed, sold and offered for sale, and, unless permanently enjoined, will store, transport, keep, use, possess, sell and offer for sale fireworks within the jurisdiction of appellee, at a warehouse on or near Highway 80, near the community of Westland, within an area immediately adjacent and contiguous to appellee's city limits, and within 5,000 feet of said city limits; appellee further alleged that on July 29, 1953, its City Council enacted an ordinance as authorized by Section 19, of Article 1175, Vernon's Ann.Tex. Civ.St., declaring it to be unlawful for any person to "have, keep, store, use, manufacture, assemble, sell, handle, transport, receive, offer for sale, or have in his possession with intent to sell, * * * any fireworks of any description" within appellee's

city limits or within any area adjacent and contiguous to said city limits extending outside the city limits for a total of 5,000 feet; that neither appellee nor its inhabitants have an adequate remedy at law, and that appellee and its inhabitants will suffer irreparable injury and damage to their health, safety, and welfare unless such injunction should be granted.

Upon the trial, it was shown that appellant was engaged in the fireworks business, about ninety-five per cent of which was wholesale; that his place of business was a warehouse located approximately 4,200 feet from appellee's city limits; that he was storing, keeping, possessing, and transporting fireworks at such warehouse; that he was selling and offering for sale fireworks at such place; that unless enjoined, he will continue to store, possess, and keep fireworks in said warehouse, and will sell them and offer them for sale, and will transport fireworks in an area within 5,000 feet of the city limits.

At appellant's request, the court filed findings of fact and conclusions of law. The court took judicial notice that fireworks are inherently dangerous, and that their presence within the city limits, and outside of the city limits for a distance of 5,000 feet of the city limits, endangers the health, safety and welfare of persons, and the safety of property, within such territorial limits. The court concluded that the presence of fireworks in such area constituted a public nuisance per se; that since from the record it is seen that the nuisance will be of a recurring nature, appellee does not have an adequate remedy at law; and that the ordinance prohibiting the storing and handling of fireworks within the city limits and in an area within 5,000 feet of the city limits is valid. The court further found that the fireworks were packaged, crated and maintained in conformity with regulations of the Interstate Commerce Commission.

By his first three points, appellant assigns as error the action of the court in overruling his exceptions to appellee's petition. The exceptions were that the petition failed sufficiently to allege in what way appellant's

acts constituted a public nuisance in fact; that the allegation that appellee and its inhabitants had no adequate remedy at law was but a conclusion of the pleader; and that the petition failed to contain a plain and intelligible statement of grounds for an injunction.

The material portions of the petition are set out above, and we think they are sufficient to state a cause of action.

By numerous points, appellant assails the findings of fact and conclusions of law. In substance, his complaint is that there is no evidence to support the finding that fireworks are inherently dangerous and that their presence in an area within the city limits and outside of the city limits for a distance of 5,000 feet endangers the safety and welfare of persons and property within such territorial limits; that the court erred in concluding that the storing and handling of fireworks in appellant's warehouse constituted a public nuisance per se; that the injunction was wrongfully granted since there was no proof or finding that the manner in which appellant conducted his fireworks business constituted a nuisance in fact; that the ordinance was adopted without a lawful delegation of legislative power, and that the court erred in holding that it conferred extra-territorial jurisdiction upon appellee to control, limit, or prohibit fireworks outside of the city limits; that if Section 19, of Article 1175, undertakes to confer such power, it is invalid; and that the injunction deprives appellant of property without due process of law.

Section 19, of Article 1175, provides that "Each city shall have the power to define all nuisances and prohibit the same within the city and outside the city limits for a distance of five thousand feet; * * *."

The ordinance in question was introduced in evidence. It defines the term "fireworks" and provides: that "It shall be unlawful for any person to have, keep, store, use, manufacture, assemble, sell, handle, transport, receive, offer for sale, or have in his possession with intent to sell, * * * any fireworks of any description;" that the presence of any fireworks within the jurisdiction of the City of Fort Worth in violation of the ordinance is declared to be a nuisance; that any person who violates the ordinance shall be fined not to exceed $200 for each offense, and that each day a violation is permitted to exist shall constitute a separate offense; that the City may file suit for injunction to prevent the storing, keeping, and transportation of fireworks in violation of the ordinance; that the ordinance shall be in force in the city limits and within the area immediately adjacent and contiguous to the city limits and extending for a distance outside the city limits for a total of 5,000 feet, and that it shall be unlawful to do or perform any act in violation of the ordinance within such area of 5,000 feet outside the city limits.

Although it is only in clear cases that courts are warranted in going behind the findings of a legislative body that a certain thing is a nuisance and determining the contrary, nevertheless, a city cannot by ordinance make that a nuisance which is not one in fact. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; Murphy v. Wright, Tex.Civ.App., 115 S.W.2d 448; 20 R.C.L., p. 389, sec. 12. The controlling question, therefore, seems to be whether the transporting, storing, selling, and hauling of fireworks within 5,000 feet of appellee's city limits constitute a public nuisance per se.

In a broad sense, a nuisance is anything that works injury, harm or prejudice to an individual or the public. 20 R.C.L., p. 380, sec. 1. A nuisance has also been defined as anything that "obstructs, impairs, or destroys the reasonable, peaceful, and comfortable use of property." Trueheart v. Parker, Tex.Civ.App., 257 S.W. 640, 641. "Even that which does but cause a well-founded apprehension of danger may be a nuisance. Thus, in Cheatham v. Shear[o]n (Tenn.) it was held that a powder house located in a city and containing,

stored therein, large quantities of gun-powder, was a nuisance. 'When we know (said Judge Green) that the electric fluid, the irresistible effects of which are disclosed in every thunderstorm, may, in defiance of every precaution, cause it to explode, it cannot be doubted that if five hundred kegs of powder were stored in a magazine in this city, every thunderstorm would awaken an universal alarm and consternation in the minds of the inhabitants.' (1 Swan 213, 216.) And the court pronounced it, per se, a nuisance." Burditt v. Swenson, 17 Tex. 489.

"A nuisance per se is generally defined as an act, occupation, or structure which is a nuisance at all times and under any circumstances, regardless of location or surroundings." 39 Am.Jur., p. 289, sec. 11. "Acts which are denounced as illegal by law, when the perpetration of them invade the rights of others will be nuisances per se, * * *." Trueheart v. Parker, supra.

A public nuisance exists wherever acts or conditions are subversive of public order, or constitute an obstruction of public rights. 20 R.C.L., p. 384, sec. 7.

For a nuisance to be a public one, it need not affect the whole community; but it is public if injury or annoyance affect the people of some local neighborhood, or are occasioned to such part of the public as come in contact with it. 39 Am.Jur., p. 288, sec. 10.

Ordinances prohibiting the possession for sale of fireworks are almost universally sustained. In Ex parte Clark, 139 Tex.Cr.R. 385, 140 S.W.2d 854, 857, our Court of Criminal Appeals upheld the validity of an ordinance prohibiting the sale, or offering for sale, or possession for the purpose of sale, of any combustible fireworks of any kind. We quote from the opinion: " * * * it is also a matter of common knowledge that the combustion of fireworks, especially in the confines of a crowded city, is dangerous not only to property but also to persons, and results

annually in the loss of property and sometimes in a loss of life." And in answering the contention that while the firing of such articles might be a hazard, possession of them for the purpose of sale was not, the court said: "We are not impressed with such reasoning. It were the better policy to lock the door before the horse was taken * * *. It were better to guard against the fire by prohibiting the sale of the fire producing agency before the fire is set." See also Cannon v. City of Dallas, Tex.Civ.App., 263 S.W.2d 288.

In Chappell v. City of Birmingham, 236 Ala. 363, 181 So. 906, the court sustained an ordinance prohibiting the keeping, storing, or handling of fireworks within the three mile limit constituting the extended police jurisdiction of the city. The Alabama statute, Code 1923, § 1954, Code 1940, Tit. 37, § 9, provided that the police jurisdiction of the city extended three miles beyond the city limits. The court said:

"The appellant concedes that the ordinance is valid in so far as it applies to the territory within the corporate limits of the city, but contends that in applying the prohibitive provisions of the ordinance to the police jurisdiction outside the corporate limits, the commission exceeded its power.

"The cited section of the Code, provides, inter alia, that: 'Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town *and in the police jurisdiction thereof;* * * *.

"In the exertion and application of the police power there is to be observed the sound distinction as to useful and harmless trades, occupations and businesses and as to businesses, occupations and trades recognized as hurtful to public morals, public safety, productive of disorder or injurious to public good. In applying it to the class last mentioned it may be exerted to destroy. * * *

"It is a matter of common knowledge, of which the courts take notice, that the press at large, and especially health and medical journals, have for years agitated the prohibition of the sale and use of fireworks in pyrotechnical display in the celebrations of holidays, for sound reasons; also matters of common knowledge, that such indiscriminate use results in economic waste, encourages extravagance in the young, constitutes a menace to the life, limb and health to the users and their associates, increases the hazard and loss by fires, and constitutes a common public nuisance, which should be prohibited by law.

"We entertain no doubt, therefore, that it was and is within the competence of the municipality, acting through its legislative body, to ordain, establish and enact the ordinance in question, under the police power, as a measure of public safety, public health and economy, * * *."

Without doubting the power of a court to strike down a city council's definition of a nuisance when the act or condition so denounced does not tend to be injurious to public good, we may not do so when the act or condition sought to be prevented is almost if not quite universally held to be inherently dangerous and to constitute a hazard to property and "a menace to the life, limb and health".

■ It has been held that police regulations are not unconstitutional merely because they operate as a restraint upon private rights of person or property; and that the infliction of such loss is not a deprivation of property without due process of law. 30-A Tex.Jur., p. 361, sec. 360, and p. 362, sec. 361, and authorities there cited. And we think it is settled that courts have power to abate public nuisances when property rights and public safety are involved, even though the acts complained of may constitute criminal offenses. State v. Patterson, 14 Tex.Civ.App. 465, 37 S.W. 478; State v. Goodnight, 70 Tex. 682, 11 S.W. 119.

■ We have considered all of appellant's points, and believe that error is not shown.

The judgment is affirmed.

MASSEY, Chief Justice.

I respectfully dissent from the opinion of the majority. I would reverse the judgment of the lower court and remand the cause.

Of course, under the present state of our laws there would be nothing to prevent the city from extending its limits so as to include the premises of the appellant, in which event I would agree that the settled law of this state would require us to sustain the trial court. Indeed, the same thing would be possible for the city even if the appellant should move to a point north of Amarillo so long as by its own city limits extension Amarillo did not "git thar fustest".

But we are dealing with a place of storage outside the limits of the city, in which the appellant stores fireworks. I concede that fireworks in any quantity are inherently dangerous, that their storage endangers the safety and welfare of persons and property proximate thereto, that their storage constitutes a nuisance per se in so far as may be concerned any individual or section of "the public" who may be within a certain range of proximity to the place of storage. I concede also that in view thereof public necessity justifies the exercise of the police power in connection with such storage.

But whose police power? That of the City of Fort Worth? Perhaps! Had the evidence shown that the fireworks stored by the appellant were in such quantity that should their explosion or other expenditure of energy be brought about there would be an exposure to damage or harm of some property within the city limits of Fort Worth or to some citizen of Fort Worth who was at the time within the city's limits, or even that some such citizen had an apprehension of the danger of such under some state of facts disclosed by the

evidence to be well-founded, I could find justification in the record for an injunction. I could find such justification because it would then be shown that the storage of the fireworks was a nuisance as a matter of fact within the scope of the city's authority to suppress. But since the storage in question might not be even a nuisance in fact in certain localities, I do not believe we should assume it is a nuisance per se in a locality outside the city limits. See 66 C.J.S., Nuisances, § 3, p. 734.

As stated above, I concede that the storage of the fireworks constitutes a nuisance per se to someone or to some property. The record shows property proximate to the place of the fireworks storage, which property is certainly sufficiently near to the place so that apprehension of danger on the part of the owners or occupants of the property would be properly considered as well-founded. But this property is outside the territorial city limits. Likewise, the occupants thereof are outside the territorial city limits. These persons are not seeking an injunction. Only the City of Fort Worth seeks an injunction, though it actually shows nothing more than the fact that fireworks in some degree of quantity are stored within 4,200 feet of its city limits, and that the Legislature has delegated to it the power to define nuisances and to prohibit the same, not only inside the city limits, but outside said limits for a distance of 5,000 feet.

As the opinion of the majority reflects, a city cannot by ordinance make that a nuisance which is not one in fact. I do not believe that appellant's storage of the fireworks is shown to be a nuisance in fact because there is no evidence that such constitutes any threat to any citizen in Fort Worth or any property within its limits. The character of nuisance under consideration is that of the type which threatens danger or harm. Therefore it is my opinion that more than what threatens is necessary to be shown, but that what is threatened must also be shown, and that therefore—under the circumstances of the case—the injunction enforces a law of the City of Fort Worth which assumes to be a police regulation, but which actually is (or may be) an invasion of the appellant's right of property without any compensating advantages. This I believe because the evidence it is not made to appear that any Fort Worth citizen's health, safety, comfort or welfare will be preserved thereby. Spann v. City of Dallas, 1921, 111 Tex. 350, 235 S.W. 513.

It is only with the health, safety, comfort or welfare of its own citizens, and with property within its territorial jurisdiction, that the city's ordinance should be considered concerned, and I believe that it should not be held that the storage of the fireworks is a nuisance as regards the "public" of the city or any member thereof, absent some demonstration that the storage was in fact a nuisance.