Irvin PARKER et al., Appellants,

v.

CITY OF FORT WORTH, Appellee.

No. 15632.

Court of Civil Appeals of Texas.

Fort Worth.

June 17, 1955.

Rehearing Denied Sept. 16, 1955.

George C. Kemble, Fort Worth, for appellants.

R. E. Rouer, S. G. Johndroe, Jr., John Gano, Robert R. Goodrich, June R. Welch, and G. Gordon Whitman, Fort Worth, for appellee.

## PER CURIAM

A district court rendered judgment permanently enjoining Irvin Parker and his wife, Helen Parker, and W. C. Hutchens "from storing, threatening to store or causing to be stored, possessing, threatening to possess or causing to be possessed, offering for sale, threatening to offer for sale or causing to be offered for sale, selling, threatening to sell or causing to be sold and the defendant Irvin Parker only from transporting, threatening to transport or causing to be transported any fireworks of any description within the limits of an area described as being the corporate limits of the City of Fort Worth and the area immediately adjacent and contiguous to the City Limits of the City of Fort Worth and extending for a distance outside the City Limits for a total of 5000 feet."

The petition filed by the City of Fort Worth alleged that the defendants will store, transport, keep, use, possess, sell or offer for sale fireworks, and/or will cause to be stored, transported, kept, used, possessed, sold or offered for sale fireworks in violation of ordinance No. 3099 unless restrained; that the acts occurred and will occur within the jurisdiction of the City of Fort Worth as defined in ordinance No. 3099 and section 19 of Article 1175, R.C.S., in that the acts occurred and/or will occur at certain designated places within Tarrant County, and prayed that the defendants be enjoined from doing or threatening to do the above acts within the city limits of the City of Fort Worth or within the area immediately adjacent and contiguous to the city limits of the City of Fort Worth and extending for a distance outside the city limits for a total of 5000 feet.

The City of Fort Worth pleaded that it had, on July 29, 1953, enacted ordinance No. 3099, as authorized by section 19 of Article 1175, R.C.S., and made the ordinance a part of its petition. Said ordinance makes it unlawful for any person to have, keep, store, use, manufacture, assemble, sell, handle, transport, receive, offer for sale, or have in his possession with intent to sell, use, discharge, cause to be discharged, ignite, detonate, fire or otherwise set in action any fireworks of any description.

The Parkers have appealed and will be referred to as appellants.

By their first three points of error appellants contend the court erred in overruling certain special exceptions to appellee's petition.

The material portions of the petition have been set out above, and are not, we think, subject to the exceptions raised.

By other points of error appellants contend the appellee failed to show the proposed sale of fireworks outside the city limits would be subversive of public order or be an obstruction of public rights or be a public injury; appellee failed to show that criminal provisions of the law would not afford adequate remedy; the court erred in holding that possession of one sparkler, etc., constituted a nuisance per se so as to authorize the court to enjoin possession of such outside the city limits; the court had no legal authority under the law to grant the injunction.

In response to requests for admissions, appellants answered they were engaged in fireworks business; prior to and at the time of filing of appellee's petition they were storing, keeping and possessing fireworks within an area described as being bounded by a line located 5000 feet beyond the city limits; and were, prior to and at the time of the filing of the petition, transporting and selling fireworks within the 5000 foot area, and would continue to do all the above acts unless restrained.

In C. V. Stoughton v. City of Fort Forth, Tex.Civ.App., 277 S.W.2d 150, 152, we affirmed a like judgment in a similar case. After a careful study of the record and appellants' brief, we have concluded that the questions presented in the instant case are essentially the same as decided in the Stoughton case. We, therefore, adopt the following portion of the opinion in the Stoughton case:

"Section 19, of Article 1175, provides that 'Each city shall have the power to define all nuisances and prohibit the same within the city and outside the city limits for a distance of five thousand feet; * * *.'

"The ordinance in question was introduced in evidence. It defines the term 'fireworks' and provides: that 'It shall be unlawful for any person to have, keep, store, use, manufacture, assemble, sell, handle, transport, receive, offer for sale, or have in his possession with intent to sell, * * * any fireworks of any description;' that the presence of any fireworks within the jurisdiction of the City of Fort Worth in violation of the ordinance is declared to be a nuisance; that any person who violates the ordinance shall be fined not to exceed $200 for each offense, and that each day a violation is permitted to exist shall constitute a separate offense; that the City may file suit for injunction to prevent the storing, keeping, and transportation of fireworks in violation of the ordinance; that the ordinance shall be in force in the city limits and within the area immediately adjacent and contiguous to the city limits and extending for a distance outside the city limits for a total of 5,000 feet, and that it shall be unlawful to do or perform any act in violation of the ordinance within such area of 5,000 feet outside the city limits.

■ "Although it is only in clear cases that courts are warranted in going behind the findings of a legislative body that a certain thing is a nuisance and determining the contrary, nevertheless, a city cannot by ordinance make that a nuisance which is not one in fact. Crossman v. City of Galveston, 112 Tex. 303, 247 S.W. 810 [26 A.L.R. 1210]; Spann v. City of Dallas, 111 Tex. 350, 235 S.W. 513 [19 A.L.R. 1387]; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; Murphy v. Wright, Tex.Civ.App., 115 S.W.2d 448; 20 R.C.L., p. 389, sec. 12. The controlling question, therefore, seems to be whether the transporting, storing, selling, and hauling of fireworks within 5,000 feet of appellee's city limits constitute a public nuisance per se.

■ "In a broad sense, a nuisance is anything that works injury, harm or prejudice to an individual or the public. 20 R.C.L., p. 380, sec. 1. A nuisance has also been defined as anything that 'obstructs, impairs, or destroys the reasonable, peaceful, and comfortable use of property.' Trueheart v. Parker, Tex.Civ.App., 257 S.W. 640, 641. 'Even that which does but cause a well-founded apprehension of danger may be a nuisance. Thus, in Cheatham v. Shear(o)n [1 Swan, Tenn., 213, 216] it was held that a powder house located in a city and containing, stored therein, large quantities of gunpowder, was a nuisance. "When we know (said Judge Green) that the electric fluid, the irresistible effects of which are disclosed in every thunderstorm, may, in defiance of every precaution, cause it to explode, it cannot be doubted that if five hundred kegs of powder were stored in a magazine in this city, every thunderstorm would awaken an universal alarm and consternation in the minds of the inhabitants." (1 Swan 213, 216.) And the court pronounced it, per se, a nuisance.' Burditt v. Swenson, 17 Tex. 489.

■ " 'A nuisance per se is generally defined as an act, occupation, or structure which is a nuisance at all times and under any circumstances, regard-

less of location or surroundings.' 39 Am.Jur., p. 289, Sec. 11. 'Acts which are denounced as illegal by law, when the perpetration of them invade the rights of others will be nuisances per se, * * *.' Trueheart v. Parker, supra.

"A public nuisance exists wherever acts or conditions are subversive of public order, or constitute an obstruction of public rights. 20 R.C.L., p. 384, sec. 7.

"For a nuisance to be a public one, it need not affect the whole community; but it is public if injury or annoyance affect the people of some local neighborhood, or are occasioned to such part of the public as come in contact with it. 39 Am.Jur., p. 288, sec. 10.

"Ordinances prohibiting the possession for sale of fireworks are almost universally sustained. In Ex parte Clark, 139 Tex.Cr.R. 385, 140 S.W.2d 854, 857, our Court of Criminal Appeals upheld the validity of an ordinance prohibiting the sale, or offering for sale, or possession for the purpose of sale, of any combustible fireworks of any kind. We quote from the opinion: '* * * it is also a matter of common knowledge that the combustion of fireworks, especially in the confines of a crowded city, is dangerous not only to property but also to persons, and results annually in the loss of property and sometimes in a loss of life.' And in answering the contention that while the firing of such articles might be a hazard, possession of them for the purpose of sale was not, the court said: 'We are not impressed with such reasoning. It were the better policy to lock the door before the horse was taken * * *. It were better to guard against the fire by prohibiting the sale of the fire producing agency before the fire is set.' See also Cannon v. City of Dallas, Tex.Civ.App., 263 S.W.2d 288.

"In Chappell v. City of Birmingham, 236 Ala. 363, 181 So. 906, the court sustained an ordinance prohibiting the keeping, storing, or handling of fireworks within the three mile limit constituting the extended police jurisdiction of the city. The Alabama statute, Code 1923, § 1954, Code 1940, Tit. 37, § 9, provided that the police jurisdiction of the city extended three miles beyond the city limits. The court said:

" 'The appellant concedes that the ordinance is valid in so far as it applies to the territory within the corporate limits of the city, but contends that in applying the prohibitive provisions of the ordinance to the police jurisdiction outside the corporate limits, the commission exceeded its power.

" 'The cited section of the Code, provides, inter alia, that: "Ordinances of a city or town enforcing police or sanitary regulations and prescribing fines and penalties for violations thereof, shall have force and effect in the limits of the city or town *and in the police jurisdiction thereof, * * *."*

" 'In the exertion and application of the police power there is to be observed the sound distinction as to useful and harmless trades, occupations and businesses and as to businesses, occupations and trades recognized as hurtful to public morals, public safety, productive of disorder or injurious to public good. In applying it to the class last mentioned it may be exerted to destroy. * * *

" 'It is a matter of common knowledge, of which the courts take notice, that the press at large, and especially health and medical journals, have for years agitated the prohibition of the sale and use of fireworks in pyrotechnical display in the celebrations of holidays, for sound reasons; also matters of common knowledge, that such indiscriminate use results in economic waste, encourages extravagance in

the young, constitutes a menace to the life, limb and health to the users and their associates, increases the hazard and loss by fires, and constitutes a common public nuisance, which should be prohibited by law.

" 'We entertain no doubt, therefore, that it was and is within the competence of the municipality, acting through its legislative body, to ordain, establish and enact the ordinance in question, under the police power, as a measure of public safety, public health and economy, * * *.'

· Without doubting the power of a court to strike down a city council's definition of a nuisance when the act or condition so denounced does not tend to be injurious to public good, we may not do so when the act or condition sought to be prevented is almost if not quite universally held to be inherently dangerous and to constitute a hazard to property and 'a menace to the life, limb and health'.

 "It has been held that police regulations are not unconstitutional merely because they operate as a restraint upon private rights of person or property; and that the infliction of such loss is not a deprivation of property without due process of law. 30–A Tex.Jur., p. 361, sec. 360, and p. 362, sec. 361, and authorities there cited. And we think it is settled that courts have power to abate public nuisances when property rights and public safety are involved, even though the acts complained of may constitute criminal offenses. State v. Patterson, 14 Tex.Civ.App. 465, 37 S.W. 478; State v. Goodnight, 70 Tex. 682, 11 S.W. 119."

The appellant Parker further contends that the portion of the judgment enjoining him from transporting or threatening to transport fireworks within the city limits is without supporting evidence.

 He admitted he would, unless enjoined, continue to transport fireworks with-

in an area described as being bounded by a line located 5000 feet beyond the city limits. That, as we construe the admission, is evidence that he proposed to continue to transport fireworks within as well as without the city limits.

 Being of the opinion none of appellants' points present reversible error, they are all overruled.

The judgment of the trial court is affirmed.

MASSEY, Chief Justice.

I dissent for the same reasons that I registered in my dissent in the case of Stoughton v. City of Fort Worth, Tex. Civ.App., 277 S.W.2d 150.