

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas   78756

Opinion No.   MW-544

Re:   Department   of   Health
authority   to   bring   nuisance
suit   against   agricultural
operator

Dear Dr. Bernstein:

In 1981 the Texas legislature enacted sections 251.001 et seq. of the Agriculture Code. Acts 1981, 67th Leg., ch. 693, at 2595, incorporating Acts 1981, 67th Leg., ch. 124, at 313 (codified as article 165b-1, V.T.C.S.). Section 251.004 reads as follows:

> (a)  No nuisance action may be brought against an agricultural operation that has lawfully been in operation for one year or more prior to the date on which the action is brought, if the conditions or circumstances complained of as constituting the basis for the nuisance action have existed substantially unchanged since the established date of operation. This subsection does not restrict or impede the authority of this state to protect the public health, safety, and welfare or the authority of a municipality to enforce state law.

> (b)  A person who brings a nuisance action for damages or injunctive relief against an agricultural operation that has existed for one year or more prior to the date that the action is instituted or who violates the provisions of Subsection (a) of this section is liable to the agricultural operator for all costs and expenses incurred in defense of the action, including but not limited to attorney's fees, court costs, travel, and other related incidental expenses incurred in the defense.

> (c)  This section does not affect or defeat the right of any person to recover for injuries or

> damages sustained because of an agricultural operation or portion of an agricultural operation that is conducted in violation of a federal, state, or local statute or governmental requirement that applies to the agricultural operation or portion of an agricultural operation.

See Agric. Code §251.002 (definitions).

You are concerned about the relationship between section 251.004 and article 4477-1, V.T.C.S., which authorizes the Department of Health and local prosecutors to take legal action to prevent actual or potential public nuisances. You ask:

> May an agricultural operator against whom a nuisance action is brought pursuant to the provisions of article 4477-1 recover from the Texas Department of Health or its duly authorized representatives the costs and expenses incurred in defense of the action in the manner set forth in the Right-to-Farm Act, Agriculture Code, sections 251.001-251.005?

Article 4477-1 prescribes "minimum standards of sanitation and health protection measures." Among other things, its 25 sections declare certain activities to be "nuisances dangerous to the public health," section 2, and impose sanitation requirements upon public establishments, e.g., sections 6, 8, 12, 15 and 17. Section 3 states that any person who possesses any place "in or on which there is a nuisance" must, when the nuisance becomes known to him, "proceed at once and continue to abate the said nuisance." It directs local health officers to issue to the person responsible for the nuisance a written notice ordering its abatement, and to send a copy of the notice to the local city, county, or district attorney. If compliance with this order is not forthcoming, "the local prosecuting attorney... shall immediately institute proceedings for the abatement thereof." Section 24 provides that any person, firm, or corporation who violates the statute shall be fined between $10 and $200, with each day's violation constituting a separate offense. Section 25 authorizes the Department of Health to apply to a district court to enforce the statute.

For the following reasons, we conclude that a legal proceeding initiated to enforce article 4477-1 does not constitute a "nuisance action" within the meaning of section 251.004. We therefore answer your question in the negative.

Professor Prosser has observed that "[t]here is perhaps no more impenetrable jungle in the entire law than that which surrounds the

word 'nuisance.'" Prosser, Law of Torts 571 (4th Ed. 1971). Nonetheless, certain general principles regarding nuisances can be stated.

Nuisances are classified as "private" or "public." A "private" nuisance is a civil wrong, based on a disturbance of one's right to use or enjoy land. The remedy for it lies with the individual whose rights have been disturbed. He may seek, inter alia, injunctive relief, see O'Daniel v. Libal, 196 S.W.2d 211 (Tex. Civ. App. - Waco 1946, no writ), or damages, see Vestal v. Gulf Oil Corporation, 235 S.W.2d 440 (Tex. 1951). A "public" nuisance, on the other hand, involves some substantial interference with the rights of the community at large, i.e., with the public health or comfort. Usually, public nuisances are declared to be such by some law. See generally Storey v. Central Hide and Rendering Company, 226 S.W.2d 615 (Tex. 1950); Stoughton v. City of Fort Worth, 277 S.W.2d 150 (Tex. Civ. App. - Fort Worth 1955, no writ); Prosser, Law of Torts 572 et seq. (4th Ed. 1971).

We conclude that the legislature's intent in enacting section 251.004 was simply to limit the circumstances under which suits may be brought against "agricultural operations" that are not being conducted in violation of any law. In other words, where a legal proceeding seeks relief against an "agricultural operation" that is alleged to constitute a "nuisance," but the operation is not being conducted in violation of any law, the proceeding would constitute a "nuisance action" within the meaning of section 251.004. Actions for damages or injunctive relief initiated by private individuals would fit in this category. But where a proceeding seeks to enforce a law that declares an activity to be a "nuisance," it would not constitute a "nuisance action" under section 251.004.

The language of section 251.004 supports this conclusion. See State v. Terrell, 588 S.W.2d 784 (Tex. 1979) (legislative intent to be ascertained from statutory language). In particular, we believe that two provisions in this section make it clear that the legislature did not intend this section to have any effect upon proceedings brought to enforce a law. The first is the sentence in subsection (a) which states that the subsection "does not restrict or impede the authority of this state to protect the public health, safety, and welfare or the authority of a municipality to enforce state law." The second is the statement in subsection (c) that "[t]his section does not affect... the right of any person to recover for injuries or damages sustained because of an agricultural operation... conducted in violation of a federal, state, or local statute...."

The legislative history of the Agriculture Code provisions also buttresses our conclusion. This history demonstrates that the legislature was concerned with nuisance actions brought, sometimes for

purposes of harassment, by individuals who move close to established agricultural operations and then seek to curtail those operations because of the annoyance factor. But there is not the slightest evidence that it ever intended to prevent the enforcement of state laws aimed at public nuisances.

We therefore conclude that a defendant cannot recover costs and expenses incurred while defending against a legal action brought by the department or a local prosecutor under article 4477-1.

### S U M M A R Y

Section 251.004 of the Agriculture Code does not authorize an individual to recover for costs and expenses incurred while defending an action brought by the Department of Health or a local prosecuting attorney under article 4477-1, V.T.C.S.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
George Warner