178 So.2d 547

**J. B. DAVIS**

v.

**CITY OF BIRMINGHAM.**

**6 Div. 863.**

Supreme Court of Alabama.

Sept. 9, 1965.

Jas. L. Shores, Jr., Birmingham, for appellant.

Earl McBee and Wm. C. Walker, Birmingham, for appellee.

**392**

**GOODWYN, Justice.**

Appeal by respondent (Davis) from a decree holding fireworks found in his possession to be contraband and subject to forfeiture and destruction. Our conclusion is that the decree must be reversed.

A varied assortment of fireworks was found in Davis' possession within the police jurisdiction of the City of Birmingham, complainant below and appellee here. The City charged appellant with a violation of its Ordinance No. 1425–F, which amended § 474 of the 1944 General City Code to read as follows:

"Sec. 474. POSSESSION, USE, MANUFACTURE OR SALE.

"No person shall have, keep, store, use, manufacture, sell or handle within the city or the police jurisdiction thereof any pyrotechnics; provided,

however, that nothing in this section shall be held to apply to the possession or use of signalling devices for current daily consumption by railroads, vessels and others requiring them."

Davis was found guilty by the recorder's court. He then appealed to the circuit court, where he was fined $1 on his plea of guilty. Thereafter, the City initiated the proceeding which is now before us for review.

The trial court rendered a decree providing that the fireworks are "hereby declared contraband, condemned and forfeited to the * * * City * * * for and on account of said property having been illegally possessed in violation of Section 474, as amended, of the General City Code of Birmingham of 1944 (Ordinance 1425–F of the City of Birmingham) and of Section 125(6), Title 14, Code of Alabama, 1940 [1955 Cum.Pocket Part, p. 23] [§ 7, Act No. 391, appvd. Sept. 9, 1955, Acts 1955, Vol. II, pp. 926, 928] [unofficial Recompiled Code 1958, Tit. 14, §§ 125(5) through 125(15)]." The decree also directs that the fireworks be destroyed by the City, acting through its fire marshal.

The pertinent provisions of Act No. 391 (also as shown in Code 1940, Tit. 14, 1955 Cum.Pock.Part, pp. 23–24) are as follows:

Section 1 [Tit. 14, § 125(5)] defines the term "fireworks." Section 2 [§ 125(6)] makes it "unlawful * * * within this State to sell, offer for sale, keep, or have in possession, barter, exchange, or give away, furnish at a public place or elsewhere, or otherwise dispose of, use, or explode any fireworks or pyrotechnics described in Section 1, or to accept the delivery of, receive, have in possession, or possess in this State, any of these fireworks or pyrotechnics in any quantity whatsoever." Section 3 [§ 125(7)] provides that Section 2 shall not apply to sparklers and dipped sticks of certain prescribed compositions. Section 4 [§ 125(8)] provides that "the fireworks listed in Section 3 * * * may be sold at retail from June 25th to July

5th * * *. and December 15th to January 1st * * * of each year only." Section 5 [§ 125(9)] prohibits the sale of fireworks "at retail at any location" where paints, oils, varnishes, or other inflammable substances, which may generate inflammable vapors, are used, stored or sold. Section 6 [§ 125(11)] makes it unlawful to offer for sale or sell fireworks to children under the age of ten years or to intoxicated persons. Section 7 [§ 125(12)], 8 [§ 125(13)], and 9 [§ 125(14)] are as follows:

"Section 7. That nothing in this Act shall apply to the possession, sale, disposal, use or explosion of fireworks for public display in accordance with rules and regulations promulgated by the State Fire Marshal pursuant to Section 38, Title 55, Code of Alabama, 1940. Any person proposing to hold a public display of fireworks shall give notice thereof to the State Fire Marshal at least five (5) days prior thereto and the Fire Marshal may for good cause disapprove the display and prohibit its being held.

"Section 8. That nothing in this Act shall apply to the possession, sale, disposal, use, or explosion of fireworks for the safe operation of railroads or other class of public or private transportation, nor as applying to the military or naval force of the United States, or of this State, or to peace officers, nor as prohibited [sic] the sale or use of blank cartridges for ceremonial, theatrical or athletic events, nor to the use of fireworks solely for agricultural purposes. Persons desiring to possess or use fireworks solely for agricultural purposes must first obtain written permission of the State Fire Marshal.

"Section 9. That this Act shall not effect [sic] the power of any municipality to regulate or prohibit the possession, sale or use of fireworks."

Section 10 [§ 125(15)] provides that a violation of the Act, "or any regulation promulgated under the authority of it," shall constitute a misdemeanor punishable by a fine of not less than $5 nor more than $50 and also, in the discretion of the court, imprisonment for not more than six months.

Section 38, Tit. 55, Code 1940, supra, reads as follows:

"§ 38. Regulations of fire marshal ex-officio as to keeping, storing, etc., of explosives.—The fire marshal ex-officio, subject to the approval of the director, shall make regulations for the keeping, storing, use, manufacture, sale, handling, transportation, or other disposition of rubbish and highly inflammable materials, gun powder, dynamite, carbide, crude petroleum, or any of its products, explosives, or imflammable fluids or compounds, tablets, torpedoes, or any explosive of like nature including all fireworks, and may prescribe the material and construction of receptacles and buildings to be used for any of said purposes."

The City says the decree is correct because (1) the ordinance and statute referred to therein made it unlawful for Davis to possess the fireworks and (2) the fireworks constitute a nuisance which may be abated by their destruction.

We are not concerned here with any question as to the authority of the state or a municipality, under the police power of each, respectively, to declare, by statute or ordinance, that fireworks are contraband and subject to seizure, forfeiture, and destruction. Rather, the questions relate to the power of the equity court, in the absence of legislative authority, to declare the fireworks to be (1) contraband, subject to forfeiture and destruction, or (2) a nuisance which may be abated by their destruction. Here, neither the statute nor the ordinance provides for forfeiture and destruction; nor do we find any other statutory provision for the forfeiture and destruction of fireworks. In this connection, it is of note that forfeitures are provided for when there is illegal possession of a number of

other items of property, viz.: pistols, Code 1940, Tit. 14, § 186; narcotic drugs, Tit. 22, § 245; prohibited liquors, containers and vehicles in which such liquors are transported, and appliances used in the manufacture of such liquors, Tit. 29, §§ 147, 150, 209, 240, 244, 247; devices prohibited in trapping, etc., fur-bearing animals and catching fish, Tit. 8, § 76; game, birds, or animals, transported or taken illegally, Tit. 8, § 107; lottery paraphernalia and vehicles used to transport it, Act No. 799, appvd. Sept. 11, 1951, Acts 1950–1951, Vol. II, p. 1398 (unofficial Recompiled Code 1958, Tit. 14, §§ 302(1)–302(7)); gambling devices, Tit. 14, §§ 287, 293; adulterated, misbranded, etc., products, Tit. 2, § 495; and untaxed tobacco products, Tit. 51, § 721.

There is no question of the court's authority to order the destruction of the fireworks if they are contraband (that is, cannot be owned or possessed legally in this state or are capable of use only in the commission of crime in this state) or if they constitute a nuisance that can be abated only by their destruction. But we do not find either alternative present in this case.

The possession of fireworks is controlled by Act No. 391 and Code 1940, Tit. 55, § 38, supra. These statutes declare the present public policy of the state with respect to fireworks. They do not outlaw all fireworks, nor are particular kinds of fireworks specifically outlawed. True, § 2 of Act No. 391 is an all-inclusive prohibition of them, but §§ 7 and 8 provide for several exclusions from the Act. Among these are "fireworks for public display in accordance with rules and regulations promulgated by the State Fire Marshal pursuant to Section 38, Title 55, Code of Alabama, 1940," and "fireworks solely for agricultural purposes," after first obtaining "written permission of the State Fire Marshal." In this connection, it is to be noted that the state fire marshal, several months before the City took possession of the fireworks, advised Davis as follows:

"This letter will act as your authority to keep in storage fireworks to be used in agricultural purposes and a reasonable amount for public fireworks displays.

"This permit is issued so that farmers who are recommended for use of agricultural fireworks, might be able to secure them more quickly than if they had to be ordered from the factory.

"These fireworks are classed 'B' and shall be stored in a brick or masonry building and every precaution should be taken to prevent fire and theft of these fireworks. It is also requested that every precaution be taken in transporting, storage, handling and discharging of fireworks for public displays."

■ In the absence of rules and regulations by the fire marshal, it cannot be determined which of the fireworks are lawful and which are unlawful for use in public displays. In other words, until such rules and regulations are promulgated there can be no finding that all fireworks, like gambling equipment and illicit liquors, may not lawfully be possessed in the State. And, unless such finding can be made, we do not see how it can be held that the fireworks here involved are contraband or that they constitute a nuisance which can be abated only by their destruction.

■■ The fact that the state fire marshal has not promulgated rules and regulations does not have the effect of making fireworks unlawful for public displays. The clear intent of Act No. 391 is that such use of fireworks shall be lawful in Alabama, provided the use is in accordance with reasonable rules and regulations made by the fire marshal.

■ The fire marshal is not given the power to determine arbitrarily that there shall be no public display of fireworks. Instead, fireworks for that purpose are expressly exempted from the prohibitory provisions of the Act, subject, of course, to the restriction that the displays shall be "in accordance with rules and regulations promulgated by the State Fire Marshal." This,

in effect, directs the fire marshal to prescribe reasonable rules and regulations for the protection of the public in the holding of public displays.

■ It may be that some types of fireworks are not suitable for display purposes or, under some conditions, would probably constitute public hazards if used for such purposes. But those are determinations to be made, in the first instance, by the state fire marshal, under the authority delegated to him by the legislature. In the absence of the exercise of such authority, we see no basis for holding that the fireworks are either contraband or constitute a nuisance which can be abated only by their destruction.

In the decree, reference is made to a portion of the opinion in Chappell v. City of Birmingham (1938), 236 Ala. 363, 181 So. 906, which, apparently, is the basis for ordering the forfeiture and destruction of the fireworks. The sole question in that case, as stated in the opinion, was "whether or not The City * * * exceeded its authority in prohibiting by ordinance the keeping, storing, use, manufacturing sale or handling of fire works within the * * * police jurisdiction of the city." It was held that the City had authority to adopt the ordinance. In the case now before us, no question is presented as to the City's authority to adopt its Ordinance No. 1425–F. The statement in the opinion that the "indiscriminate use" of fireworks "in pyrotechnical display in the celebrations of holidays * * * results in economic waste, encourages extravagance in the young, constitutes a menace to the life, limb and health to the users and their associates, increases the hazard and loss by fires, and constitutes a common public nuisance, which should be prohibited by law," was simply an invitation to the legislature to take action. It is not authority for ordering the forfeiture and destruction of the fireworks.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and COLEMAN, JJ., concur.