Reba L. McCAMEY, Appellant,

v.

William E. KINNEAR, Appellee.

No. 7365.

Court of Civil Appeals of Texas, Beaumont.

June 29, 1972.

Rehearing Denied Aug. 31, 1972.

B. J. McGinnis, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

KEITH, Justice.

Plaintiff appeals from a judgment of dismissal of his suit wherein he sought to recover of the defendant attorney's fees paid to defendant in connection with a patent application. Plaintiff also sought recovery of certain expenses incurred by reason of the alleged inaction of defendant. At the outset we note affirmatively that while plaintiff has prosecuted the appeal with diligence, such comment does not apply to his trial court actions.

On the day the case was specially set for trial upon the "try or dismiss" docket, defendant filed a motion to dismiss plaintiff's cause of action, the allegations being set out in the margin.[1]

1. "Defendant would show the Court that it is useless to pick a jury in this cause or to take up the Court's time because said Plaintiff does not state a cause of

The court's order, entered on January 31, 1972, recited that the defendant's motion to dismiss having been heard, and "it appearing to the Court that said motion should be in all things granted; it is therefore ordered, adjudged and decreed that defendant's motion to dismiss be in all things granted."

This order of dismissal was preceded by some unusual maneuvers which require mention at this point. Defendant leveled many exceptions to plaintiff's original petition, some of which were sustained by an order entered May 4, 1970, defendant's exceptions to such action being duly noted. Although plaintiff did not file amended pleadings until the very day of the dismissal (a matter which will be mentioned later), the docket sheet in our record shows that defendant procured three continuances, the last being on October 7, 1971. Upon this latter date, the trial court entered a specific and detailed order setting the case for trial on January 31, 1972, and advised counsel that it would be tried or dismissed upon said date "depending upon any announcements which may or may not be made by counsel at such time."

On January 31, 1972, the date set for trial, plaintiff filed what he denominated a "Trial Amendment" but which was in fact an amended original petition. *See Rule 71*, Texas Rules of Civil Procedure. Our record does not reveal that leave was granted to file the instrument, whatever it might have been, under either *Rule 63* or *Rule 66*, nor does the record show that such instrument ever came to the attention of the trial court before the order of dismissal was entered. On the other hand, the record is equally silent as to any motion to strike the pleading filed in violation of the rules just mentioned. See in this connection 2 McDonald, Texas Civil Practice (1970 Rev.Vol.), § 8.06, pp. 323, et seq.

Plaintiff timely gave notice of appeal from the order of dismissal, duly perfected

his appeal, and now assigns many points of error. We do not find it necessary to discuss all of such points of error under our view of the record.

Plaintiff devotes much of his brief to the proposition that the trial court erred in granting the defendant's motion to dismiss (Footnote 1), contending that such motion was a general demurrer in legal disguise which is forbidden by *Rule 90*. Under our view of the record, we do not reach the point. Instead, we turn to the controlling issue in the appeal, the action of the trial court upon the exceptions.

■ When special exceptions addressed to a pleading are sustained, the party has two options available to him: (a) he may amend to meet the exceptions and this he may do as a matter of right; or, (b) he may stand upon his pleadings, refuse to amend, and test the validity of the ruling upon appeal. Harold v. Houston Yacht Club, 380 S.W.2d 184, 186 (Tex.Civ.App., Houston, 1964, no writ); M. C. Winters, Inc. v. Lawless, 407 S.W.2d 275, 277 (Tex.Civ. App., Dallas, 1966, error dism.); and Farris v. Nortex Oil & Gas Corporation, 393 S.W. 2d 684, 690 (Tex.Civ.App., Texarkana, 1965, error ref. n.r.e.).

■■ A reasonable time should be allowed a party desiring to amend to conform to the ruling upon the special exceptions; but this is a matter within the sound discretion of the court not to be overthrown except for an abuse of discretion. Farias v. Besteiro, 453 S.W.2d 314, 317 (Tex.Civ. App., Corpus Christi, 1970, error ref. n. r. e.), and cases therein cited. The plaintiff, being ever under the duty of prosecuting his suit with diligence under the penalty of having it dismissed for want of prosecution, must also use diligence in amending his pleadings after an order sustaining exceptions. 4 McDonald, Texas Civil Practice (1971 Rev.Vol.), § 17.18, pp. 101–102. In our case, the plaintiff waited nearly

action in this suit, and it would be a waste of the Court's time and a waste of the Jury's time to pick a jury in this

cause, and said suit should be in all things dismissed."

twenty months—and through three trial settings—before filing his amended pleading upon the very day the case was set upon the "try or dismiss" docket.

Under the circumstances of this case, we hold that the long unexplained delay in filing the amended pleadings amounted in law to a refusal to amend. When a party stands firm on his pleadings, as we have held the plaintiff did in this case, the trial court may dismiss the cause if the remaining allegations fail to state a cause of action. Rutledge v. Valley Evening Monitor, 289 S.W.2d 952, 953 (Tex. Civ.App., San Antonio, 1956, no writ) and City of Roma v. Starr County, 428 S.W.2d 851, 853 (Tex.Civ.App., San Antonio, 1968, error ref. n.r.e.).

Having reviewed the remnants of the original petition, after the exceptions had been sustained, we are of the opinion that the remaining allegations of the petition failed to state a cause of action. The trial court was authorized, under these circumstances, to dismiss the case. Rutledge v. Valley Evening Monitor, supra; Wiseman v. Zorn, 309 S.W.2d 253, 259 (Tex. Civ.App., Houston, 1958, no writ).

The order sustaining the special exceptions was interlocutory in nature and plaintiff had no right of appeal therefrom. Mueller v. Banks, 317 S.W.2d 254, 255 (Tex.Civ.App., San Antonio, 1958, no writ). However, when the court entered the order of dismissal on January 31, 1972, following plaintiff's failure to amend within a reasonable time, plaintiff's right to appeal was then exercised. We now turn to the validity of the special exceptions and review the action of the trial court in entering the order sustaining such exceptions.[2]

Special Exceptions 5, 8, 9 and 10 were worded identically and challenged different parts of plaintiff's pleading. We quote the exception:

"Plaintiff [sic, *defendant*] excepts . . . [naming the particular paragraph of the petition] because said allegations are too general; because said allegations are a mere conclusion of the pleader; because no facts are alleged on which said conclusions are based; because said allegations do not inform this defendant of the facts on which the plaintiff intends to rely; because said allegations do not inform this defendant of the proof that he will be required to meet on the trial of this cause and because said allegations are calculated to surprise and prejudice the defendant on the trial of this cause; because said allegations are calculated to cause a mistrial; said allegations should be in all things stricken and of this exception the defendant prays judgment of the Court."

It is obvious that this "special exception" did not comply with the provisions of *Rule 91* and even a cursory examination of the allegations attacked shows that in each instance the exception was without merit. The exception quoted was simply a broadside attack and did not "point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegations in the pleading excepted to" as required by *Rule 91.* There were other exceptions sustained which are subject to the same criticism and the result of the court's action was to eliminate from plaintiff's pleading the necessary allegations upon which his cause of action was predicated. In effect, such exceptions were "nothing more than the old general demurrer" which was abolished in 1941 when *Rule 90* was adopted. Huff v. Fidelity Union Life Insurance Company, 158 Tex. 433, 312 S.W.2d 493, 499 (1958).

2. In fairness to the trial judge who entered the order of dismissal, we note in our record that the order upon special exceptions was entered by his predecessor upon the bench.

These particular exceptions also lacked merit for the reasons pointed out in Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983, 985 (1945):

> "Rule 91 provides that a special exception shall not only point out the particular pleading excepted to, but shall also point out intelligibly and with particularity the defect, omission, obscurity, duplicity, generality, or other insufficiency in the allegation in the pleading excepted to.
>
> "The exceptions in question merely assert that the petition failed to show any grounds for equitable relief or state a cause of action. They do not point out intelligibly and with particularity the reasons for such conclusions. Therefore, the trial court erred in sustaining them."

See also, Pargas of Canton, Inc. v. Clower, 434 S.W.2d 192, 196 (Tex.Civ.App., Tyler, 1968, no writ); Chakur v. Zena, 233 S.W. 2d 200, 201 (Tex.Civ.App., San Antonio, 1950, no writ).

The object and purpose of pleading is to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so that he may adequately prepare his defense thereto. Plaintiff's original petition in this case fairly and adequately advised defendant of the nature of the cause of action being asserted against him. The plaintiff was not required to plead his evidence in detail and if the defendant desired more factual detail as to the basis of the claim, he had but to invoke the discovery processes authorized by the rules.

It follows, therefore, that the trial court having erred in sustaining the special exceptions, likewise erred in dismissing the case. The judgment below must be reversed and the cause remanded. We note, however, that plaintiff, by his inaction below, has delayed a disposition of his case and has contributed to the clogging of the dockets of both the trial and appellate courts. Such action is not to be commended and it is suggested that a repetition of this spectacle could be avoided by utilizing the provisions of *Rule 166*.

Reversed and remanded.