For the reasons hereinabove given, the judgment is reversed and remanded for trial.

Reversed and remanded.

**Terry MOORE, Appellant,**

**v.**

**DALLAS ENTERTAINMENT COMPANY, INC. and Peggy Foley, Appellees.**

**No. 688.**

Court of Civil Appeals of Texas, Tyler.

June 21, 1973.

---

2. Article 6132b sets forth the rules pertaining to general partnerships, and a similar provision is found in Sec. 26, as follows: "A partner's interest in the partnership is his share of the profits and surplus, and the same is personal property for all purposes."

Burt Barr, Dallas, for appellant.

Rex R. Henger, Bergman & Hicks, Dallas, for appellees.

MOORE, Justice.

Appellant's Motion for Rehearing is granted.

The opinion heretofore delivered dismissing this appeal for want of jurisdiction is hereby set aside and the following opinion is substituted in lieu thereof.

This is a suit for damages for breach of an oral contract. After a trial before a jury, the trial court entered judgment on the verdict in favor of appellees, Dallas Entertainment Company, Inc. and Peggy Foley, for damages in the sum and amount of $956.40, from which judgment appellant, Terry Moore, duly perfected this appeal.

As grounds for a cause of action, appellees allege that appellant, Terry Moore, agreed to purchase one-half of the outstanding shares of the capital stock of Dallas Entertainment Company, Inc. and agreed to become a partner and co-manager of the Music Box, a club owned by Dallas Entertainment Company, Inc. Appellees further allege that after the agreement was made, appellant suggested that in order to announce her affiliation with the club a large party be given inviting her friends; that, as a result, a party was given at the expense of the club at a cost of $956.40. Appellees further allege that within a few days after the party, appellant returned the keys to the club and announced that she was withdrawing from her agreement to become a partner therein.

In response to the special issues submitted by the court, the jury found (1) that appellant agreed to become a partner in the ownership of the club; (2) that the club

incurred expenses in the amount of $956.40 in giving the party in question; (3) that appellant requested that the party be given; and (4) but for the request of appellant the party would not have been given.

By points one through three appellant urges that the trial court erred in overruling her first three special exceptions to appellees' petition. The record shows that appellant excepted to appellees' pleadings on the grounds that (1) the allegations of the petition failed to specify whether the alleged contract was oral or written; (2) the allegations failed to specify what was meant by the phrase "extensive arrangements were made" with regard to the party; and (3) the petition failed to itemize the various items of expense incurred by appellees in giving the party. We fail to find any merit in these points and they are accordingly overruled.

■ The object and purpose of pleadings are to give fair and adequate notice to the party being sued of the nature of the cause of action asserted against him so that he may adequately prepare his defense. Appellees' petition in this case fairly and adequately advises appellant of the nature of the cause of action being asserted against her. The appellees were not required to plead their evidence in detail, and if the appellant desired more factual details as to the basis of the claim, she had but to invoke the discovery processes authorized by the rules. McCamey v. Kinnear, 484 S.W.2d 150 (Tex.Civ.App., Beaumont, 1972, writ ref., n. r. e.). According to the undisputed evidence, appellant personally participated in each of the transactions made the basis of this suit and therefore had first-hand knowledge concerning the making of the contract as well as the arrangements and costs of the party given to announce her association with the club. Appellant does not contend that she was unable to prepare her defense nor does she attempt to demonstrate how she suffered any harm by reason of the court's ruling. After a careful review of the record, we

fail to see how the court's ruling could have resulted in harm to appellant. Rule 434, Texas Rules of Civil Procedure.

Points four and five complain of the action of the court in overruling appellant's special exceptions directed to appellees' alternative grounds of recovery for fraud and for quantum meruit. Since the case was neither tried nor submitted on either of these two alternative grounds of recovery, these points are immaterial. By her sixth point of error appellant complains of the action of the court in overruling her sixth special exception to the petition. Apparently she has overlooked the fact that this exception was sustained.

By the seventh through eleventh points of error appellant urges that the trial court erred in overruling her objections to each of the five special issues submitted to the jury on the ground that there was no pleadings and no evidence to support the submission of either of the five special issues.

■ We are of the opinion that appellant's complaint that the special issues were not supported by the pleadings is without merit. Appellees allege that appellant entered into an agreement to become a partner in the club and agreed to purchase one-half of the interests therein; that she breached the agreement; that the party was given upon her suggestion and for her benefit; and that as a result of her agreement appellees sustained damages amounting to the costs of the party.

■ We are likewise of the opinion that the trial court did not err in submitting the special issues to the jury over appellant's objection that there was no evidence to support the submission thereof. Peggy Foley testified that appellant agreed to become a partner in the business and agreed to buy approximately one-half of the stock of the parent corporation; that as a down payment on the stock, appellant gave her a check for $1,000.00 for ten shares of the stock. She further testified that appellant

**714**

stopped payment on the check and shortly after the party appellant notified her that she was withdrawing from the agreement and no longer desired to become a partner in the club. Appellant admits that she entered into negotiations to purchase an interest in the club but she denies that any agreement was ever reached. She admitted that she gave the $1,000.00 check for payment of the stock and stopped payment thereon. She also admitted that a party was given for the purpose of announcing her association with the club as well as to obtain new members for the club. Appellant does not deny the fact that during the party she was introduced as a new partner in the club and that she publicly acknowledged the fact and requested the continued support and patronage of those present. We are of the opinion that the court did not err in submitting the special issues to the jury.

Accordingly, the judgment of the trial court is in all things affirmed.