James W. **HERRING**, Appellant,

v.

**TEXAS DEPARTMENT OF CORRECTIONS,**
Appellee.

No. 872.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1973.

Rehearing Denied Nov. 7, 1973.

Louis M. Moore, Houston, for appellant.

John L. Hill, Atty. Gen., Jack Sparks, Larry F. York, J. C. Davis, Austin, for appellee.

COULSON, Justice.

This is a summary judgment case.

A take-nothing summary judgment was rendered with prejudice by the district court against James W. Herring, appellant, in his suit for personal injuries against the Texas Department of Corrections, appellee. The court below held that, as a matter of law, this suit did not fall within any of the exceptions to sovereign immunity found in the Texas Tort Claims Act.

The question here is whether a motion for summary judgment should be granted on the ground that the cause of action is precluded by sovereign immunity when plaintiff's petition alleges general negligence and when the State by statute has waived governmental immunity in designated types of negligence but has reserved governmental immunity in all types of negligence not so designated.

Appellant, a prisoner with the Texas Department of Corrections at Huntsville, accidentally injured the right side of his face. He received medical treatment at the prison hospital and at the University of Texas Medical Branch Hospital in Galveston. Notwithstanding the medical treatment rendered, vision in his right eye was lost.

Appellant served written interrogatories on Attorney General John L. Hill as attorney for the State. Appellee made a motion to strike interrogatories on the ground that the State could not be compelled to answer written interrogatories. No ruling on this motion appears in the record, but the district court did grant the State's motion for summary judgment.

■ A summary judgment may be rendered on the pleadings alone when plaintiff's petition clearly fails to state a cause of action. *See* Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540, 543 n. 1 (Tex.Sup.1971). A motion for summary judgment may be based upon a showing that the cause of action is barred as a matter of law by the affirmative defense of governmental immunity. Jackson v. City of Corpus Christi, 484 S. W.2d 806 (Tex.Civ.App.-Corpus Christi 1972, writ ref'd n.r.e.). However, if any conceivable theory of recovery is raised by plaintiff's petition which would not be precluded by the affirmative defense of governmental immunity, then summary judgment cannot be granted; to do so would be to revive the general demurrer discarded by Rule 90, Texas Rules of Civil Procedure.

■ Appellant's petition alleged that his injury was aggravated at the prison hospital through appellee's "negligence in failing to provide adequate medical care and treatment." Such a general allegation of negligence would allow proof at a trial on the merits of almost anything that occurred within the hospital. The Texas Tort Claims Act waives governmental immunity when personal injuries are caused by, among other things, "some condition or some use of tangible property, real or personal." Tex.Rev.Civ.Stat.Ann. art. 6252–19 (1970). Appellant might conceivably prove some condition or use of property under his general allegation of negligence such that his claim would fall within the Act. Therefore, we hold that this motion for summary judgment, which when granted is res judicata, cannot take the place of a special exception, which if granted would have allowed the plaintiff to amend his petition. If a special exception under Rule 91, Tex.R.Civ.P., is made pointing out the generality of the petition and the petition is amended, then the cause of action may then appear to be precluded as a matter of law by sovereign immunity. If so precluded and no material issue of fact is raised, then summary judgment under Rule 166–A (c), Tex.R.Civ.P., would be appropriate.

■ The trial court does not appear to have ruled on appellee's motion to strike interrogatories, but rendered the issue moot by the rendition of summary judgment. However, appellant's inability to make specific allegations of negligence may have been due to the failure of the State to answer the interrogatories. The only authority for the proposition that the State of Texas is not required to answer interrogatories under Rule 168, Tex.R.Civ. P., is Harrington v. State, 385 S.W.2d 411 (Tex.Civ.App.-Austin 1964), rev'd on other grounds, 407 S.W.2d 467. The Supreme Court reversed that case on the substantive law and did not speak to the procedural point. The Austin Court of Civil Appeals held that the State was not required to answer interrogatories, because the Attorney General is precluded by statute from making any admission, agreement, or waiver which would prejudice the rights of the State. Tex.Rev.Civ.Stat.Ann. art. 4411 (1966). However, interrogatories under Rule 168, Tex.R.Civ.P., are not admissions under Rule 169, Tex.R.Civ.P., and do not necessarily constitute binding judicial admissions. Barnwell v. Fox & Jacobs Construction Company, 469 S.W.2d 199 (Tex. Civ.App.-Dallas 1971, no writ). Therefore, answers to written interrogatories are not "admissions" within the contemplation of Article 4411, and the State is not an exception to Rule 168, Tex.R.Civ.P., requiring interrogatories to be answered by a party served. This Court can perceive no other reason why the State should be exempt from this rule.

Reversed and remanded.