Paula Jean RAGSDALE, Appellant,

v.

Darrell RAGSDALE, Appellee.

No. 17588.

Court of Civil Appeals of Texas,
Fort Worth.

March 14, 1975.

Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellant.

Law Offices of Max E. Clark, and Max E. Clark, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

Paula Jean Ragsdale is seeking to recover her community interest in the property acquired by herself and her husband, Darrell Ragsdale, during their marriage to each other.

This suit was originally brought in a district court on December 6, 1971. The first amended original petition of plaintiff reflected that these parties were divorced from each other on June 10, 1971, in the Domestic Relations Court No. 1 of Tarrant County, Texas. Plaintiff alleges that the property settlement agreement signed by each of the parties and approved by the Court was procured by fraud on the part of the husband. Plaintiff alleged that she had signed the property settlement agreement on his representation that they would remarry and that this was an existing material fact and was a false promise knowingly made and that plaintiff suffered damages as a result of fraud.

This case was tried to a jury resulting in a verdict for plaintiff. On May 11, 1973, the district court entered an order setting aside the verdict of the jury, and transferred the cause to the Domestic Relations Court No. 1 on the ground that plaintiff's cause of action constituted a collateral attack upon the prior divorce decree.

On November 6, 1973, after transfer, plaintiff filed a supplemental petition in which she incorporated by reference her first amended original petition referred to above and alleged a cause of action in the nature of a bill of review pleading the usual elements of a bill of review and reciting that the defendant had promised to marry her within six months and he had gone so far as to have a blood test made for the marriage and then married another person and she immediately filed this suit.

In her prayer she prayed that the divorce decree be set aside, or in the alternative, that portion of the divorce decree approving the property settlement agreement be set aside and the parties be owners as tenants in common of their community property.

The defendant answered that such an agrement would be in violation of Article 26.01 of the Texas Business and Commerce Code, V.T.C.A. because it was not in writing, res judicata, a general denial because this suit is a collateral attack, a general denial, statute of limitations, had acceptance of benefits of the property settlement, a specific pleading of the two-year statute of limitations, and another general denial.

Judgment was entered May 31, 1974, which recites the cause of action being brought in the district court and then transferred to Domestic Relations Court No. 1, the supplemental petition filed six months after the transfer of the action, and the parties' appearance before the court to present arguments in their respective behalves. The judgment proceeds with recitation concerning action of the district court, viz: that the court reviewed the pleadings and found that the case in the district court was a collateral attack, the court was without jurisdiction, it was transferred to the Domestic Relations Court, where the case is now in the nature of a bill of review. Then the Domestic Relations Court recited its conclusions that all the requirements of a bill of review had not been complied with in that plaintiff failed to allege justification for her failure to timely file a motion for new trial or

perfect an appeal, the bill of review was filed over two and one-half years after the filing of the original petition in the district court, plaintiff's cause of action is barred by limitations and laches, other parties are interested in the cause of action because of the remarriage of the respective parties and therefore ·if relief were granted it would seriously affect the rights of their new spouses and would work an undue hardship on all the parties, and it is against public policy.

Concluding its judgment the trial court decreed that plaintiff's petition and supplemental petition be denied and that said cause be dismissed. It is from this judgment that plaintiff appeals.

The very learned and grossly overworked trial court committed error.

We reverse and remand.

The first point of error is to the action of the trial court in dismissing plaintiff's bill of review on the grounds that she failed to allege a lack of negligence in prosecuting her bill of review.

■ The defendant filed no motion to dismiss, motion to strike plaintiff's pleadings, or a motion for judgment on the pleadings. None of the pleadings could be classified as a special exception. An objection should be sufficiently specific so that the opposing party may be informed of the defect and amend his pleadings accordingly, provided the defect be of such a nature that may be cured by an amendment. An objection to pleading made in compliance with the requirements of Rule 91, Texas Rules of Civil Procedure, is similar to a valid objection to the introduction of evidence. It must be informative so that it may be obviated if possible.

■ The general demurrer was abolished by Rule 90, T.R.C.P., and Rule 91 prescribes that a special exception shall point out specifically the insufficiency of the pleading excepted to. Martin v. Hunter, 233 S.W.2d 354 (San Antonio Tex.Civ. App., 1950, ref., n. r. e.); Dabney v. Keene, 195 S.W.2d 682 (El Paso Tex.Civ.App., 1946, ref., n. r. e.); Southern Underwriters v. Weldon, 142 S.W.2d 574 (Galveston Tex.Civ.App., 1940, no writ hist.); 2 McDonald, Texas Civil Practice, Section 7.18, page 205.

■ Defendant's pleadings must thus be considered fatally defective as a challenge to the sufficiency of plaintiff's pleadings, and therefore the court's ruling thereon was prejudicial error. Kelly v. Wright, 144 Tex. 114, 188 S.W.2d 983 (1945); McFarland v. Reynolds, 513 S.W.2d 620 (Corpus Christi Tex.Civ.App., 1974, no writ hist.); McCamey v. Kinnear, 484 S.W.2d 150 (Beaumont Tex.Civ.App., 1972, ref., n. r. e.); Clark v. City of Dallas, 228 S.W.2d 946 (Waco Tex.Civ.App., 1950, no writ hist.).

The second point assigned is that the trial court abused its discretion in dismissing plaintiff's bill of review on the ground that plaintiff had failed to allege justification and lack of negligence without giving plaintiff an opportunity to amend.

■ The plaintiff was not given notice of the nature of any defect in her pleadings, the case was dismissed and plaintiff was not given an opportunity to amend. This was error. The plaintiff has a. right to amend as a matter of right. The law is well established in Texas that the right to amend is mandatory and that before a cause can be dismissed because of want of form or other defect in the pleadings, the party affected must have an opportunity to amend. Internat'l Bro. of El. W. v. Southwestern Bell T. Co., 498 S.W.2d 504 (Corpus Christi Tex.Civ.App., 1973, ref., n. r. e.); Jones v. Harvey, 380 S.W.2d 924 (Texarkana Tex.Civ.App., 1964, no writ hist.); McCamey v. Kinnear, supra; Harold v. Houston Yacht Club, 380 S.W.2d 184 (Houston Tex.Civ.App., 1964, no writ hist.); Farris v. Nortex Oil & Gas Corporation, 393 S.W.2d 684 (Texarkana Tex. Civ.App., 1965, ref., n. r. e.).

Plaintiff, by her points of error Nos. 3, 12 and 13, complains of the trial court sustaining a "speaking demurrer," resulting in the dismissal of the suit.

In paragraph 6 of defendant's second amended answer he stated that plaintiff did not have a cause of action and then alleged many defenses by way of pleadings in bar which he expected to prove during the course of the trial.

■ A "speaking demurrer" is a special exception which, instead of limiting itself to the allegations of the petition and pointing out defects therein, states factual propositions not appearing in the petition and, in reliance upon such facts, seeks to challenge the plaintiff's right to recovery. Defendant's pleading in this case falls within that definition. 2 McDonald, Texas Civil Practice, Sec. 7.22.

■ Speaking demurrers were not permitted under the former nor is it permitted by present practice. Friedman v. Cohen, 404 S.W.2d 372 (Houston Tex.Civ.App., 1966, no writ hist.); Harold v. Houston Yacht Club, supra.

■ If defendant must rely upon such extrinsic facts, he should plead those facts by a plea in bar, a plea in abatement or by a motion for summary judgment and not by special exception. McFarland v. Reynolds, supra; Latham v. Mountain States Mutual Casualty Co., 482 S.W.2d 655 (Houston Tex.Civ.App., 1st Dist., 1972, ref., n. r. e.).

Plaintiff, by her points of error Nos. 4 and 14, contends that the trial court erred in dismissing the bill of review on the grounds that there was no justification for the bill of review and lack of negligence on the part of the plaintiff and because the requirements of an equitable bill of review have not been met by the plaintiff's pleadings.

■ Without repeating plaintiff's pleadings we hold that the pleadings were sufficient to allege a right of relief under the equitable bill of review in that plaintiff alleged (1) a meritorious claim or defense, (2) which she was prevented from making by the fraud, accident or wrongful act of her husband, (3) unmixed with any fault or negligence of her own. These pleadings are sufficient. 4 McDonald, Texas Civil Practice, Section 18.27.1 (1971); Alexander v. Hagedorn, 148 Tex. 565, 226 S.W.2d 996 (1950); Hanks v. Rosser, 378 S.W.2d 31 (Tex.Sup., 1964).

■ By alleging that she was prevented from asserting her right to one-half of the community property plaintiff stated a prima facie case for an equitable bill of review on the element of a meritorious defense, since it must be presumed that she would not have given the husband from whom she was seeking a divorce her half of the community property. Dudley v. Lawler, 468 S.W.2d 160 (Waco Tex.Civ.App., 1971, no writ hist.); Eldridge v. Eldridge, 259 S.W. 209 (San Antonio Tex.Civ.App., 1924, no writ hist.).

■ This is a species of fraud which is collateral and extrinsic to the judgment and recognized as a proper basis for an equitable bill of review. McFarland v. Reynolds, supra.

■ In this instance plaintiff filed a suit in the district court seeking her legal remedy of damages for fraud, rescission, damage for breach of contract, and an accounting. She obtained a jury verdict in her favor which was set aside and the cause transferred to the Domestic Relations Court. The record reflects that plaintiff has no adequate legal remedy available to her and she must pursue the bill of review if she is to have any relief. See 34 Tex.Jur.2d, Judgments, Section 230; Raney v. Mack, 504 S.W.2d 527 (Texarkana Tex.Civ.App., 1973, no writ hist.).

By her fifth and sixth points of error plaintiff complains of the dismissal of her bill of review on the ground that same was barred by laches as a matter of law, because this defense was never pleaded by the defendant, either by special exception

or as an affirmative defense under Rule 94, T.R.C.P.

Laches is an affirmative defense which must be pleaded by the party asserting it. It is not incumbent upon a plaintiff to incorporate in his petition allegations which negate the defense of laches. Mere lapse of time raises no presumption of laches. It must be an unreasonable delay which has worked injury to another person. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S. W.2d 492 (1958).

Plaintiff next contends by points of error Nos. 7 and 8 that the court erred in dismissing this suit because same was barred by limitations in general and by the two year statute of limitations because the record shows on its face that the applicable statute is Article 5529, Vernon's Ann.Tex. Civ.St., which provides for a four year statute of limitations in connection with the filing of a bill of review.

Defendant contends that Article 5526, V.A.T.S., applies, and the cause is thus barred by the two year statute of limitations.

The rule is clearly stated in 34 Tex.Jur. 2d, Judgments, Sec. 233, at page 112, as follows: "A suit in equity to vacate a judgment by reason of fraud, accident, or mistake must be brought within four years from the time the fraud, accident, or mistake is discovered, or from the time it might have been discovered by the use of reasonable diligence."

The statute of limitations applicable to equitable bills of review is Article 5529, V.A.T.S., barring all actions in four years for which no limitation is otherwise prescribed. Levy v. Roper, 113 Tex. 356, 256 S.W. 251 (1923); Raney v. Mack, supra.

Plaintiff by this suit originally sought the recovery of her interest in the community property. She is still seeking that relief as revealed in her latest supplemental petition. If the allegations are sufficient, an equitable bill of review will not

be dismissed even though it is given an improper label. Bridgman v. Moore, 143 Tex. 250, 183 S.W.2d 705 (1944); Leach v. Brown, 156 Tex. 66, 292 S.W.2d 329 (1956); Rule 71, T.R.C.P.

Where the suit attacking the former judgment is commenced in the wrong court, but there is an order transferring the cause to the proper court and invoking the jurisdiction of the court which entered the improper judgment, jurisdiction is properly in that court and the jurisdiction relates back to the original filing of the suit. South Texas Development Co. v. Martwick, 328 S.W.2d 230 (Waco Tex.Civ.App., 1959, ref., n. r. e.).

Plaintiff, by her points Nos. 9, 10, 11 and 15, next complains of the action of the trial court in dismissing her petition on the grounds that if the relief were granted it would require the entire divorce judgment to be set aside, would involve the rights of subsequent spouses, and that plaintiff had accepted benefits under the judgment and there were material fact issues raised by the pleadings.

In McFarland v. Reynolds, supra, a suit almost identical to the one before this Court, that court held that such fraud was extrinsic, a person who remarries after having been divorced may seek a review of other provisions contained in the decree of divorce even though such person would be precluded from seeking a review of that portion of the decree which dissolved the marriage. The wife's acceptance of the community property in accordance with the agreed judgment would not estop her from bringing this cause of action, and a motion that the whole pleading be stricken is equivalent of a general objection by exception or demurrer and is not proper.

Plaintiff also contends that she was denied due process of law because of the action of the court in summarily dismissing her suit.

In Turcotte v. Trevino, 499 S.W.2d 705 (Corpus Christi Tex.Civ.App., 1973, ref., n.

r. e.) the court entered an order of dismissal on pleadings stating allegations similar to those in the present case. That court stated as follows: "It is fundamental that the due process clause in the Federal Constitution assures a full hearing before the court, commission or other tribunal, empowered to perform the judicial function invoked. That includes the right to introduce evidence at a meaningful time and in a meaningful manner and have judicial findings based upon it. United States Constitution, 14th Amendment, § 1; . . .. That rule applies to all trials and all judicial hearings of every kind and nature. The right of a litigant to present evidence in support of his case is not left to the discretion of the trial court. That right is unqualified and absolute. Texas Constitution, Article 1, § 19, Vernon's Ann.St."

We hold that plaintiff was denied due process of law.

All points of error having been carefully considered we sustain each of them.

Judgment is reversed and remanded.