Sashia Joleen AUGUSTINE by next friend Karne AUGUSTINE, et ux., Appellants,

v.

Pamela NUSOM, et al., Appellees.

No. B14–83–374CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 12, 1984.

Jim Mattox, Atty. Gen., Lou McCreary, Chief, State and County Affairs, Charles S. Black, Jr., Austin, for appellees.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

PAUL PRESSLER, Justice.

This is an appeal from an order granting a plea in abatement and dismissing the cause of action against appellees.

Appellees, Pamela Nusom and her supervisor, Kathy Pennick, are employees of the Texas Department of Human Resources. They were aware that Glen and Theresa Clary were operating an unlicensed day care center while advertising that such facility was licensed. On June 22, 1982, Nusom informed the Clarys that they would have to become licensed. On June 30, Theresa Clary made such an application. Inspections were made of the facility by the Harris County Health and Fire Departments which approved the facility although they discovered some inadequacies. On July 6, Nusom reinspected the Clarys' day care center and found no hazards which posed an immediate danger to the children. She, therefore, made no report to her director and did not recommend the closing of the facility as it appeared that no emergency existed.

On July 19, following a trip conducted by the Clarys, Sashia Joleen Augustine, a twenty-three month old child, was left inside a locked, unventilated van for several hours. As a result of the heat and her crying, Sashia died of a rupture of the esophagus with pulmonary collapse. Plaintiffs sued Glen and Theresa Clary, Pamela Nusom, and Kathy Pennick. Nusom and Pennick were alleged to be liable because of their failure to close the unlicensed day care facility. Appellees filed a plea in abatement which was granted. We Affirm.

■ Appellants present two points of error. In the first, they contend that a plea in abatement is no longer a proper vehicle for disposing of a cause of action under the Texas Torts Claims Act or against state

employees. Generally, a party files special exceptions to point out a deficiency in the opposing party's petition. TEX.R.CIV.P. 91; *Ragsdale v. Ragsdale,* 520 S.W.2d 839, (Tex.Civ.App.—Fort Worth 1975, no writ). However, if a defendant seeks relief upon facts which do not appear in plaintiff's petition, it is error for him to present such extrinsic facts as special exceptions. Such special exceptions would be considered "speaking demurrers," permitted by neither former nor present practice. *Ragsdale, supra.* Therefore, if a defendant must rely on extrinsic facts, he should plead them by a plea in bar, plea in abatement, or motion for summary judgment. *McFarland v. Reynolds,* 513 S.W.2d 620 (Tex.Civ.App.—Corpus Christi 1974, no writ); *Ragsdale, supra.*

■ A plea in abatement is a special plea which establishes a matter that may be properly urged to defeat the action or suspend the right to prosecute it. When abated, a case should be retained on the docket until the cause for the abatement is removed. Under some circumstances, the sustaining of a plea in abatement should result in dismissal. *City of Brownsville v. Galvan,* 139 Tex. 128, 162 S.W.2d 98 (1942).

Appellants contend that recent case law supports their contention that the use of the plea in abatement under the Texas Tort Claims Act is incorrect because such use "revives the general demurrer discarded by TEX.R.CIV.P. 90." Both cases cited by appellants concern pleas in abatement alleging plaintiffs' failure to state a cause of action under the Texas Tort Claims Act. In *Norton v. Brazos County,* 640 S.W.2d 690 (Tex.App.—Houston [14th Dist.] 1982, no writ), the Court stated:

This suit was terminated at trial by a Plea in Abatement, which we feel was the incorrect mechanism to resolve the case. To use a Plea in Abatement to resolve claims raised under the Tort Claims Act is to revive the general demurrer discarded by Rule 90, Tex.R. Civ.P. (cites omitted). We therefore do not believe the protective features of special exception procedures should have

been circumvented by a Plea in Abatement *under the facts in this case.* (Emphasis added)

The court relied on *Texas Department of Corrections v. Herring,* 513 S.W.2d 6 (Tex. 1974) which was a summary judgment case. Summary judgment had been granted by the trial court based upon a motion by the defendant alleging failure to state a cause of action. The Supreme Court upheld the Court of Appeals in holding that a plaintiff should be informed of this failure through special exceptions, allowed to amend his pleading, and then, if the pleading still fails to state a cause of action, a motion for summary judgment should be granted.

■ There is a distinction between the use of a plea in abatement in *Norton* and other cases cited by appellant and in the case before us. While appellees do claim failure "to allege a valid cause of action against defendant" in paragraph III of their plea in abatement, they bring in *extrinsic facts* in paragraphs I and II, not alleged in plaintiffs' petition, which could not be cured by filing special exceptions. *Ragsdale, supra.* These facts were that (1) Nusom and Pennick were at the time of the incident in question employed by the Department of Human Resources, an agency of the State of Texas; (2) the State, its officers, and employees are immune from claims for injuries and damages resulting from the alleged negligence of employees except to the limited extent such immunity is waived by the Texas Tort Claims Act; and (3) plaintiffs failed to allege a valid cause of action against the State which has sovereign immunity under the laws of Texas. Plaintiffs' First Amended Original Petition made no allegation that they were state employees or that there was a waiver of the State's immunity. Therefore, in order to present these extrinsic facts, the defendants appropriately filed a plea in abatement. Plaintiffs then filed their Second Amended Original Petition which added the following facts: (1) Nusom and Pennick were employees of the Texas Department of Human Resources; and (2) they

were ministerially bound by the mandates of Chapter 42 of the Human Resources Code. On the same day and on March 22 they filed their Memoranda of Law and Facts in opposition to appellees' plea in abatement. Such memoranda attempts to establish the personal liability of appellees. Appellees subsequently filed their Memorandum of Law in support of Defendants' Plea in Abatement attempting to establish their immunity as state employees. A suit should not be dismissed until a plaintiff has been given a reasonable opportunity to amend, if it is possible to do so, and thereby remove the obstacle which defeated the suit initially filed. *State v. Goodnight*, 70 Tex. 682, 11 S.W. 119 (1888); *Bryce v. Corpus Christi Area, Etc.*, 569 S.W.2d 496 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). The facts presented in the plea in abatement and supported by appellees' memoranda proved that there were obstacles which could not be removed by any amended petition. The plea in abatement was proper. Appellants' first point of error is overruled.

In their second point of error, appellants contend the trial court erred in sustaining appellees' plea in abatement because fact issues were raised. We disagree. Both parties submitted memoranda in support of their contentions. Appellees alleged immunity as state employees and appellants alleged that they are personally liable.

A plea in abatement is a special plea by a defendant alleging that it is unnecessary for the court to hear the matter because regardless of what the facts may show, plaintiff could not recover because of matters set forth in the plea in abatement. *McDougald v. First National Bank of Beaumont*, 239 S.W.2d 145 (Tex.Civ.App.—Beaumont 1951, writ ref'd n.r.e.). In their plea in abatement, appellees claim their status as state employees which would render them immune from personal liability.

Sections 42.041(a), 42.073(a) & (d), 42.042(j), and 42.049(c) of the TEX.HUM. RES.CODE ANN. (Vernon 1980) do not detail the precise basis for determining whether a facility is required to have a license or must be closed. A state employee gathers facts and then acts. Such actions are quasi-judicial in nature. *Torres v. Owens*, 380 S.W.2d 30 (Tex.Civ.App.—Corpus Christi 1964, writ ref'd n.r.e.). A state employee whose status or actions may be classified as quasi-judicial "enjoys immunity from being personally liable as long as he acts in good faith within the scope of his authority." *Baker v. Story*, 621 S.W.2d 639 (Tex.App.—San Antonio 1981, writ ref'd n.r.e.). Appellees established in their memoranda that they were immune from liability under Section 42 and the district court so held. Therefore, appellants had no cause of action against them. We find no error in this judgment.

The judgment of the trial court is affirmed.

ELLIS, Justice, dissenting.

Finding myself in disagreement with the other members of the court, I would like to record my respectful dissent.

Appellant, Sashia Joleen Augustine b n/f Karen Augustine and Karen Augustine, individually appeal from a judgment dismissing their suit against appellees, Pamela Nusom and Kathy Pennick. After reviewing the parties' submitted memoranda of law and facts, the trial court granted appellees' Plea in Abatement. I would reverse.

The pleadings reveal the following facts. On July 19, 1982, Sashia Joleen Augustine, a twenty-three month old child, was in the care of Glenn and Theresa Clary, who own a day care facility. After a trip conducted by the Clarys, Sashia was left in a van. Subsequently, due to the heat and her crying, she died of Mallory-Weiss syndrome (rupture of the esophagus with pulmonary collapse).

On the day in question, the Clarys were operating their day care center without the license required by the state, but were advertising that the facility was licensed. Pamela Nusom and her immediate supervisor, Kathy Pennick, both of the Texas Department of Human Resources Day Care Licensing Division, knew that the facility

was unlicensed. On June 30, 1982, the Clarys had applied for a license. At that time, inspections by the Health Department and the Fire Department revealed some inadequacies (needed a fence, fire doors and a smoke alarm in the rest area, and to clean the outside), the Texas Department of Human Resources approved the facility.

Upon reinspection on July 6, 1982, Pamela Nusom observed no hazards which posed an immediate danger to the children. Because of this finding, appellants made no report to their director and no effort to close the facility.

Appellees responded to appellants' petition by filing a Plea in Abatement raising appellants' immunity as state employees. The trial court granted the plea. I would reverse.

Appellants bring two points of error on appeal. Appellants' first point of error asserts that the trial court erred in granting appellees' Plea in Abatement, because a Plea in Abatement is not an acceptable method to dispose of claims made under the Texas Tort Claims Act or against state employees. In response, appellees make three arguments: (1) that appellants, in failing to plead that appellees were state employees, failed to plead a cause of action under the Texas Tort Claims Act, Tex.Rev. Civ.Stat.Ann., art. 6252–19 (Vernon 1979), (2) that a Plea in Abatement is proper when a defendant must rely on extrinsic facts outside the pleadings, and (3) that, in failing to amend their pleadings or allege that they could amend their pleadings between the time when appellees filed their Plea in Abatement on October 22, 1982, and the filing of the order granting of the plea on May 5, 1983, appellants elected to stand on their pleadings.

While appellants pleadings were insufficient to state a cause of action, a plea in abatement was not a proper challenge to this deficiency. *Norton v. Brazos County*, 640 S.W.2d 690 (Tex.App.—Houston [14th Dist.] 1982, no writ). Had appellees filed special exceptions which were sustained by the court, appellants would have had an opportunity to amend as a matter of right.

*McCamey v. Kinnear*, 484 S.W.2d 150 (Tex.Civ.App.—Beaumont 1972, writ ref'd n.r.e.). A cause may be dismissed for failure to state a cause of action only after a party has had an opportunity to amend after special exceptions have been sustained. *Texas Dept. of Corrections v. Herring*, 513 S.W.2d 6 (Tex.1974).

> To use a Plea in Abatement to resolve claims raised under the Texas Tort Claims Act is to revive the general demurrer discarded by Rule 90, Tex.R. Civ.P.; *See Herring v. Texas Department of Corrections*, 500 S.W.2d 718 (Tex.Civ.App.—Houston [14th Dist.] 1973), *aff'd* 513 S.W.2d 6 (Tex.1974). We therefore do not believe the protective features of special exception procedures should have been circumvented by a Plea in Abatement under the facts of this case.

*Norton*, 640 S.W.2d at 694; *Rawlings v. Angelo State University*, 648 S.W.2d 430 (Tex.App.—Austin 1983, writ ref'd n.r.e.).

Appellees, citing *Salcedo v. Diaz*, 647 S.W.2d 51 (Tex.App.—El Paso 1983, writ granted), 650 S.W.2d 67 (Tex.1983), allege that our case differs from *Herring* and its progeny in that their response was based on extrinsic facts outside the pleadings. *Salcedo* concerned pre-filing notice required by Section 16 of the Texas Tort Claims Act. Because actual notice had to be proven, amended pleadings alleging actual notice would not have been sufficient. The court held, therefore, that a proper response would have been a plea in abatement, or in bar or a motion for summary judgment, but not special exceptions. This holding was based on the fact that amended pleadings would not have cured the defect. In our case, however, amended pleadings alleging that appellees were state employees would have been sufficient.

Finally, appellees claim that in failing to amend or to allege that they could amend their pleadings, appellants elected to stand on their pleadings, or in other words, waived the opportunity to amend. When a defendant's special exceptions are sustained, the plaintiff has a right to amend

his pleadings or refuse to amend. *McCamey v. Kinnear*, 484 S.W.2d at 152. Appellees in our case did not file special exceptions. Appellants' right to amend was never invoked, and therefore, could not be waived. I would sustain appellants' point of error one; therefore, I need not address appellants' point of error two that the trial court erred in sustaining appellees' Plea in Abatement because the evidence presented a theory of law under which appellants could recover. It is difficult for me to see how, under the facts of this case, appellants could raise a cause of action for which they could recover. I would, however, adhere to procedural rules and allow appellants an opportunity to amend their pleadings. *See* TEX.R.CIV.P. 90, 91.

Accordingly, I would reverse the judgment of the trial court, and remand this cause for further proceedings consistent with this opinion.